COT *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 29.—Decided June 22, 1909.

SALE WITH RIGHT OF REDEMPTION—SEPARATE PROPERTY OF ONE OF THE SPOUSES—
    CONSENT OF THE WIFE.—In accordance with section 1314 of the Civil Code,
    the separate properties of each of the spouses, among others, are those ac-
    quired by right of redemption, or by exchange for other property belonging
    to one of the spouses only; and, therefore, a thing sold with right of re-
    demption by one of the spouses, when he or she was single, and reacquired
    by the same after having become married, by right of redemption, does
    not by this fact lose its character of separate property, and the consent of
    the wife is not necessary in order to freely alienate it.
ID.—PRICE OF THE REDEMPTION.—In accordance with the foregoing doctrine,
    whatever may be the source of the price paid by one of the spouses in or-
    der to redeem, while married, a property sold with right of redemption while
    single, said property shall continue to belong to him or her exclusively.
PROPERTY OF THE CONJUGAL PARTNERSHIP—INTERPRETATION OF THE LAW.—The
    provisions of sections 1316 and 1322 of the Civil Code do not contradict sec-
    tion 1314 of the same Code, because the properties acquired by right of re-
    demption must have the same character that they had at the time of re-
    serving this right, being separate properties of each of the spouses or of
    the conjugal partnership, upon being redeemed, according as to whether it
    was of one or the other kind when the right of redemption was constituted.

PARAPHERNAL PROPERTIES—SALE WITH RIGHT OF REDEMPTION—PRICE OF THE
   REDEMPTION SALE.—In accordance with the decision of the General Board
   of Registrars of Spain of December 21, 1906, in case a married woman
   alienates a property with right of redemption, it does not by this mere act
   lose the paraphernal character that it originally had, upon being reacquired
   by virtue of this right; that which belongs to the conjugal partnership is
   the price invested in the redemption sale, but not the property itself.

ATTORNEY IN FACT OF ONE OF THE SPOUSES—SALE—SUFFICIENCY OF THE
   POWER.—An attorney in fact of one of the spouses, with power to alienate
   real property, has power to sell a property acquired by right of redemption
   by his constituent, even when at the time of making the alienation his con-
   stituent is married, because said property continues being of his or her ex-
   clusive ownership.

The facts are stated in the opinion.

*Mr. Descartes* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal taken by Attorney Francisco G. Des-
cartes, on behalf of Rosa Cot Pérez, from a decision of the
Registrar of Property of Ponce, refusing the admission to rec-
ord of a deed of sale.

By public deed executed in the City of Ponce on May 27,
1909, before Notary Francisco G. Descartes, Nicolas Carta-
gena, as the attorney in fact of Francisco Cot Pérez, with
power to alienate real property, sold to Rosa Cot Pérez the
urban estate described in said deed, situated on Union Street
in the said city which estate the vendor, Francisco Cot Pérez,
acquired by a resale made to him by Francisco Font y Pi, by
another deed executed before Notary Luis Antonio Becerra,
on December 7, 1906.

Upon presentation of the deed of May 27, 1909, in the Reg-
istry of Property of Ponce for record, such record was denied
on the grounds set forth in a decision which reads as follows:

"The record of the foregoing document is denied on acccunt of
the following incurable defects: First, because as it appears from
the registry that Francisco Cot y Perez acquired the estate while
married, his wife does not give her consent to the sale as required by
section 135° ° the Civil Ccde, because although such acquisition was

made by Cot by resale made to him by Francisco Font, to whom he had sold it with an agreement of repurchase at a time when said estate belonged to him exclusively because he had acquired it while in an unmarried state, the price paid on the repurchase, in the absence of proof to the contrary, must be presumed to be ganancial, and, therefore, that the wife of the vendor has an interest in the estate; and second, because the attorney in fact of Cot lacks the legal capacity to make the sale in question because the estate is not the sole and exclusive property of the latter. And in lieu of the record a cautionary notice is entered effective for four months, at folio 220 reverse side, of book 137 of the ayuntamiento of this city, estate No. 6,149, record letter A. Ponce, June 10, 1909. Horacio S. Belaval, Substitute Registrar.''

Rosa Cot Pérez took an appeal to this Supreme Court from said decision denying the record.

According to section 1314 of the Civil Code in force, the separate property of each of the spouses includes that acquired by right of redemption or exchange for other property belonging to one of the spouses only; and, therefore, the house which he sold under an agreement of resale to Francisco Font being as it was the exclusive property of Francisco Cot Pérez, as he had acquired it while single, it is indisputable that the right to repurchase it belonged to him exclusively also, and consequently in exercising said right he acquired the house for himself and it must be considered his, whatever be the origin of the price which he gave therefor.

Although, according to section 1316 of said Code, ganancial property includes that acquired for a valuable consideration during the marriage at the expense of the partnership property or for one of the spouses only, and according to section 1322 all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife, such provisions do not controvert the provisions of section 1314, because the property acquired by right of redemption must have the same character it had when such right was reserved, becoming the separate property of each of the spouses or of the conjugal

partnership upon being redeemed, according to its class when the agreement for redemption was made.

In support of this doctrine we have the decision of the General Directorate of Registries of Spain, of December 21, 1886, which provides that in the event of a married woman alienating an estate under an agreement of repurchase it does not by this mere act lose the paraphernal character which it originally had, and upon being reacquired under the agreement of redemption, what is ganancial is the price of the resale, but not the estate itself.

In view hereof section 1328 of the Civil Code is not applicable to this case, on account of real property being involved which does not belong to the community property, but which is the exclusive property of the vendor, the attorney in fact of Cot Pérez having for the same reason legal capacity to make the sale in question.

The decision of the Registrar of Property placed at the end of the aforementioned deed of May 27 of the current year is reversed, and it is held that said deed is recordable and should be recorded at once. And it is ordered that the documents presented be returned to the said registrar with a certified copy of this decision for the information of the person interested and other proper purposes.

*Reversed.*

Justices Figueras, MacLeary, Wolf and del Toro concurred.